COMERICA LEASING CORP., Plaintiff

v.

AIR–RIDE, INC., et al., Defendant.

Fortress Properties, Inc., Cross–Claim Plaintiff

v.

Albert Mackey, Cross–Claim Defendant.

Case No. 3:08CV2922.

United States District Court,
N.D. Ohio,
Western Division.

June 7, 2013.

---

Jennifer J. Dawson, Mark H. Rose, Marshall & Melhorn, Toledo, OH, for Plaintiff.

Mark M. Mockensturm, Law Office of Mark M. Mockensturm, Toledo, OH, for Defendant.

Marvin A. Robon, Barkan & Robon Maumee, OH, for Cross–Claim Plaintiff.

## ORDER

JAMES G. CARR, Senior District Judge.

This case started as a pretty simple collection action on a note, which defendant Air–Ride, Inc., owed to plaintiff Comerica Leasing Corp. (Comerica). Cross-claim defendant Albert Mackey owned fifty percent of Air–Ride; Stephen J. Sapp owned the other fifty percent. Air–Ride operated out of a terminal owned by Fortress Properties, in which, in turn, Mackey and Sapp each had a fifty percent interest.

Mackey and Sapp fell out; litigation ensued in the Fulton County, Ohio, Court of Common Pleas. A jury returned a verdict in Sapp's favor against Mackey for about $2.4 million. In the meantime, Mackey purportedly transferred his interest in Fortress to Sapp's ex-wife; this transfer, Sapp alleges, was the result of a civil conspiracy between Mackey and the former Mrs. Sapp.

There followed a settlement agreement that Mackey has not, according to Sapp, honored. One component of that agreement was that Mackey's stock in Fortress would be escrowed pending distribution in accordance with a final adjudication of the parties' interests in those shares.

Sapp, on behalf of Air–Ride, which is now defunct, has reached a settlement with Comerica in the litigation that has long been pending in this court. Without the ability to act on behalf of Fortress, Sapp cannot, however, execute the agreement.

Mackey has refused to authorize Sapp to act on behalf of Fortress. This has delayed the disposition of this case and caused difficulties for the parties and the court.

Fortress brought the pending cross-claim against Mackey to determine a) if Mackey breached the settlement agreement; and b) ownership of Mackey's shares (pledged in escrow in the settlement agreement).

Mackey filed for bankruptcy while all this was going on. Sapp (not Fortress) filed an adversary proceeding in the Bankruptcy Court. Mackey claims the dispute involved in the cross-claim belongs in that proceeding. A review of Sapp's complaint (Doc. 116, Exh. A) shows that that is not so: that proceeding does not involve adjudication of ownership of the shares at issue in the cross-claim.

Mackey has also brought suit against the law firm representing Air–Ride and Sapp in the Lucas County, Ohio, Court of Common Pleas. It does not appear that that suit has anything to do with this suit,

over which I have, in any event, jurisdiction.

Now pending in the midst of all this tangle is Sapp's motion for entry of default and further proceedings thereon, and, as well, for summary judgment. (Doc. 109). Mackey opposes the motion, claiming lack of jurisdiction in this court and the pendency of the adversary proceeding. (Doc. 114).[1] As noted, I disagree with both those contentions.

The principal issues that the pending motion raises are the combined failures of Mackey to file a timely answer and respond fully to discovery requests. He has interposed, in addition to an opposition to the motion, a motion for leave to answer.

In his motion for leave to answer, Mackey attributes his tardiness in filing his answer to the existence of settlement negotiations. I find no merit to that contention: the only "negotiations" of recent vintage occurred in February, 2013, and they did not result in a settlement.

Mackey has not presented an acceptable basis for his failure to answer. His motion for leave to do so shall be denied. To do otherwise would not only countenance Mackey's failure to act promptly to protect his own interests, but also further delay the final disposition of this long drawn-out proceeding—in which, after all, the interests of the original parties are paramount.

Mackey has manifested a pattern of litigiousness and delay since, at the latest, he undertook not to satisfy the judgment (entered in November, 2006) of the Fulton County Court of Common Pleas. He has ensnared Fortress and Sapp either directly or indirectly in ancillary litigation that has frustrated the resolution of this case.

Mackey's motion for leave to answer provides no justification for his refusal to permit Air–Ride, Fortress, and Comerica to settle their disputes and at long last end this litigation. He has not claimed that the settlement adversely affects some tangible, legitimate interest of his own. His tardiness in answering the complaint in this case has served only one interest—that of delay—from which he alone can possibly derive some benefit. He will not gain that benefit in this instance at the expense of either Comerica, Air–Ride, Fortress, or this court.

It is, therefore,

ORDERED THAT:

1. Cross-claim defendant Albert Mackey's motion for leave to answer instanter Default (Doc. 115) be, and the same hereby is, denied with prejudice;

2. Summary judgment as to all claims in the complaint be, and the same hereby is, entered in favor of cross-claim plaintiff Fortress Properties, Inc., and against cross-claim defendant Albert Mackey; and

3. Cross-claim plaintiff Fortress Properties' motion for default and for hearing (Doc. 109) be, and the same hereby is, granted;

The Clerk shall note the default and set this matter forthwith for a scheduling conference to set a date for hearing on the relief that the cross-claim plaintiff seeks, and to which it is entitled.

So ordered.

---

1. Mackey's opposition does not encompass an opposition to the movant's demand for summary judgment. It thus does not comply with Fed.R.Civ.P. 56, and summary judgment shall be entered accordingly.